IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFTON L. HAWTHORNE, | ) | |
| ID # 640969, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1973-N (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County murder conviction in Cause No. F92-71783-TR. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On April 15, 1993, petitioner was convicted of murder, and was sentenced to twenty-five years imprisonment. (Pet. Writ Habeas Corpus (Pet.) at 2.) On December 20, 1994, the court of appeals affirmed his conviction. *See Hawthorne v. State*, No. 05-93-00718-CR, http://www.courtstuff.com/FILES/05/93/05930718.HTM (docket sheet information generated May 7, 2006) (Official

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

internet site of the Court of Appeals for the Fifth District of Texas at Dallas).  Petitioner filed no petition for discretionary review, and the court of mandate issued its mandate on February 24, 1995.  *Id.*  On July 31, 1995, the Texas Court of Criminal Appeals received petitioner's first state application for writ of habeas corpus (WR-29,261-01), and denied it on August 23, 1995.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Hawthorne%2C+Clifton&Style_2=&COACaseNumberNo=&Submit1=Search (accessed November 20, 2006) (following links to disposition).  On August 31, 2005, the Court of Criminal Appeals denied petitioner's second state application (WR-29,261-02), *see id.* (following links to disposition), which petitioner filed on June 25, 2005, (*see* Pet. at 4).

Petitioner filed the instant federal petition on September 28, 2005, when he placed it in the prison mail system.  (*See id.* at 9.)  Petitioner claims that his conviction was (1) obtained by a violation of his privilege against self-incrimination and (2) the result of a unconstitutionally selected and impaneled grand and petit jury.  (*Id.* at 7-7B; Mem. Supp.)  He relies upon *Missouri v. Seibert*, 542 U.S. 600 (2004) (decided June 28, 2004) for his first claim.  He relies upon *Miller-El v. Dretke*, 545 U.S. 231 (2005) (decided June 13, 2005) for his second claim.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

2

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Although he relies upon *Seibert* and *Miller-El* for his claims, neither case recognizes a new constitutional right that the Supreme Court has made retroactively applicable to cases on collateral review. No court has indicated that *Seibert* recognized a new constitutional right. The Supreme Court, moreover, has not addressed any retroactive application of *Seibert*. *Miller-el*, furthermore, "did not announce a new constitutional right to be applied retroactively, but merely applied the long-established law of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed.2d 69 (1986), that discrimination by a prosecutor in selecting a defendant's jury violated the Fourteenth Amendment." *Jordan v. Dretke*, No. 3:05-CV-0541-L, 2005 WL 2124153, at *1 (N.D. Tex. Aug. 31, 2005). As § 2244(d)(1) relates to this case, the Court will thus calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final

3

or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

## A. Finality of Conviction

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on December 20, 1994. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction thus became final on January 19, 1995.

## B. One-year Grace Period

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

**C. <u>Factual Predicate</u>**

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. At or before trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims.

Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's September 28, 2005 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation not include any time during which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because petitioner is entitled to the one-year grace period that expired in April 1997, his state application filed and decided in 1995 does not toll the limitations period – the grace period has already eliminated from the limitations calculation the time during which such application was pending. Furthermore, when petitioner filed his second state petition in 2005, the statutory

5

limitations and grace period had already expired. Accordingly, the statutory tolling provision does not save petitioner's September 28, 2005 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 28th day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE